**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CRIMINAL CASE NO. 22-20-DLB-EBA**

**UNITED STATES OF AMERICA**                                                                            **PLAINTIFF**

**v.**                                         **MEMORANDUM ORDER**

**CHRISTOPHER W. ARTRIP**                                                    **DEFENDANT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court upon Defendant's Motion to Dismiss Indictment (Doc. # 42). The United States has filed a response to the motion (Doc. # 48) and Defendant has filed a reply (Doc. # 50). For the reasons set forth herein, the Court will **deny** the motion.

**I.**     **FACTUAL AND PROCEDURAL HISTORY**

On October 6, 2022, Defendant was indicted on one Count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. # 1). The Indictment provides:

> On or about November 3, 2021, in Boyd County, in the Eastern District of Kentucky, Christopher W. Artrip, knowing he had previously knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, to wit, a Clerke, Model 1st , .22 caliber revolver, bearing serial number 214514, that was in and affecting commerce, all in violation of 18 U.S.C. § 922(g)(l).

*Id.* Defendant then sought entry of an Order directing the United States to identify the predicate felony. (Doc. # 19). Magistrate Judge Edward B. Atkins construed this as

a motion to request a bill of particulars under Fed. R. Crim. P. 7(f) and denied the same. Magistrate Judge Atkins found that the indictment was not vague and "informs Artrip of the nature of the charges against him with sufficient detail to enable him to prepare a defense." (Doc. # 22).  He further found that the United States had provided Defendant with full discovery, including the criminal judgments for six prior felony convictions in state court, therefore "obviating any need for a bill of particulars." *Id.*   Following Defendant's Motion for Rearraignment (Doc. # 29), on January 10, 2023, this Court accepted Defendant's guilty plea and adjudged him to be guilty of the offense. (Doc. # 31).   The same day, the executed Plea Agreement was filed in the record (Doc. # 32).

Now, Defendant seeks dismissal of the Indictment on the basis that it did not identify the predicate felony (Doc. # 42).

**II.     STANDARD OF REVIEW**

"The indictment ... must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed.R.Crim.P. 7(c)(1). An indictment is deemed sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Landham,* 251 F.3d 1072, 1079 (6th Cir.2001) *quoting Hamling v. United States,* 418 U.S. 87, 117 (1974).

**III.    ANALYSIS**

The Court finds that the Indictment herein clearly sets forth the essential elements of the charged offense, to-wit, that Defendant knew he had been convicted of a crime punishable by imprisonment for more than one year; that Defendant, following the

2

conviction, knowingly possessed a firearm; and that the firearm crossed a state line prior to the alleged prosecution. 18 U.S.C. § 922(g)(l). There is no legal requirement that the predicate felony offense be specifically identified in the Indictment itself.

Here, the predicate felony was clearly set forth in the Plea Agreement, "Robbery Second Degree, a violent offense, Boyd Circuit Court, January 2011." (Doc. # 32, ¶ 3(d) ). The Plea Agreement was executed by the Defendant and accepted by this Court. A guilty plea admits all factual allegations in the indictment, including those which "form the predicate for federal jurisdiction." *Burch v. United States,* No. 88-6214, 1989 WL 54715, * 1 (6th Cir. May 25, 1989).

In seeking dismissal of the Indictment, Defendant cites a recent decision from the Third Circuit Court of Appeals, *Range v. Attorney General of the United States of America*, 9 F. 4th 96 (3rd. Cir. 2023). In *Range*, the Third Circuit found that § 922(g)(1) cannot constitutionally be applied to a defendant with a prior conviction for making a false statement to obtain food stamps. *Id.* at 106. In this case, Defendant fails to demonstrate how *Range* applies to him. Indeed, it does not. *Range* involves a Pennsylvania statute and a non-violent offender. Nor is the single case cited in his Reply, *United States v. Gatewood*, 173 F.3d 983 (6th Cir. 1999), relevant to this matter. *Gatewood* involved a challenge to an Indictment which did not include one of the elements of the charged offense. Such is not case here, as set forth *supra*, as all the elements of § 922(g)(1) are accounted for in the Indictment.

### IV.   CONCLUSION

Here, the Defendant has not demonstrated any infirmity or deficiency in the Indictment. As a result, his motion fails.

Accordingly, **IT IS HEREBY ORDERED**:

(1)   Defendant's Motion to Dismiss Indictment (Doc. # 42) be **DENIED**; and

(2)   **Sentencing** is scheduled for **Monday, August 14, 2023 at 11:30 a.m.** in Ashland.

This 12th day of July, 2023.



Signed By:
*David L. Bunning*
United States District Judge

L:\DATA\ORDERS\Ashland Criminal\2022\22-20 Order Denying DE 42.docx

4